PER CURIAM.
Jerry Neil Alfred appeals his conviction for the offense of second degree murder with a firearm. We affirm.
Defendant-appellant Alfred was charged with second degree murder following the shooting of victim Peter Delgado. At trial the State’s witnesses included Tina Crews, Delgado’s girlfriend, who witnessed the initial altercation between Alfred and Delgado, and Carmen Font, who heard Crews’ statements about the shooting immediately following the incident.
Alfred argues that he was prejudiced by Font’s testimony as to Crews’ reaction immediately after the shooting because the testimony included the use of inflammatory terms. We affirm on this issue because the point was not preserved below. The transcript indicates that the comment about which Alfred complains was not objected to. Even if the comment had been objected to, the witness’ testimony was proper under Lay v. Kremer, 411 So.2d 1347, 1348 (Fla. 1st DCA 1982). Witness Font simply repeated the exact words of witness Crews.
Alfred also argues that he was unfairly hampered in his cross-examination of Font regarding what he believes was an unfairly suggestive photo line-up pursuant to which Font identified him. Assuming for purposes of discussion that the trial court did err in limiting the cross-examination of Font, the error was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Witness Font knew Alfred well, had known him for three to four years and identified him in court. This is not a case of witness identification of a stranger nor a case in which any irregularity in the photo line-up (assuming such occurred) could plausibly have had any effect on the witness’ identification of defendant.
Finally, the defendant claims he was prejudiced by the trial court’s rulings regarding a part of Crews’ testimony. We do not agree. The transcript shows that the trial court sustained defendant’s objection to Crews’ statement that she told the victim to “leave these kids [including defendant] alone because they were dangerous.” The trial court also instructed the jury to disregard that statement. The determination that the curative instruction was sufficient and the denial of defendant’s motion for mistrial were within the trial court’s discretion. See Goodwin v. State, 751 So.2d 537, 546-47 (Fla.1999).
Affirmed.