[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13580
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-00864-SPC-MRM


JERRY NEIL ALFRED,

                                              Petitioner-Appellant,

versus

FLORIDA SUPREME COURT,

                                              Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 27, 2018)


Before MARCUS, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jerry Alfred, a Florida prisoner proceeding pro se, appeals the district court's dismissal of his petition for declaratory relief, filed against the Florida Supreme Court. No reversible error has been shown; we affirm.

We begin with some background information pertinent to our review in this appeal. In 2001, Alfred was convicted of second-degree murder and was sentenced to life imprisonment. His state conviction and sentence were affirmed on direct appeal. See Alfred v. State, 820 So.2d 1084 (Fla. 3d Dist. Ct. App. 2002); Alfred v. State, 935 So.2d 72 (Fla. 3d Dist. Ct. App. 2006).

In 2007, Alfred filed his first 28 U.S.C. § 2254 petition for habeas corpus, which the district court denied on the merits. This Court then denied Alfred a certificate of appealability. Alfred later filed other section 2254 petitions, which were dismissed as successive.

Between 2015 and 2017, Alfred also filed four petitions for a writ of habeas corpus with the Florida Supreme Court, each of which was dismissed as unauthorized, pursuant to the procedure announced by the Florida Supreme Court in Baker v. State, 878 So.2d 1236 (Fla. 2004).[1] See Alfred v. Jones, 163 So.3d 507

---

[1] In Baker, the Florida Supreme Court explained that non-capital state prisoners seeking collateral postconviction relief must do so by filing (in the sentencing court) a motion, pursuant

2

(Fla. 2015) (table); <u>Alfred v. Jones</u>, No. SC16-908 (Fla. July 13, 2016); <u>Alfred v. Jones</u>, No. SC16-1427 (Fla. Sept. 29, 2016); <u>Alfred v. Jones</u>, No. SC17-1566 (Fla. Nov. 14, 2017).

Meanwhile -- in December 2016 -- Alfred filed the <u>pro se</u> "Petition for Declaratory Judgment" at issue in this appeal.  In his petition, Alfred challenged the constitutionality of the Florida Supreme Court's decision in <u>Baker</u>.  Alfred argued that the Florida Supreme Court amended impermissibly the Florida Constitution by announcing a new procedure for disposing of improperly filed state habeas petitions.  As relief, Alfred sought a declaration that the Florida Supreme Court violated the Florida and United States Constitutions by denying non-capital prisoners a fundamental right guaranteed by the Florida Constitution.  Alfred also sought to enjoin the Florida Supreme Court from applying the procedure announced in <u>Baker</u>.  Attached to Alfred's petition was the Florida Supreme Court's 2016 order dismissing -- pursuant to <u>Baker</u> -- Alfred's petition for habeas relief.

---

to Fla. R. Crim. P. 3.850 -- not a petition for habeas corpus with the Florida Supreme Court.  878 So.2d at 1245.  The Florida Supreme Court also announced a new procedure by which the Court would dismiss as unauthorized -- instead of denying -- improperly filed habeas petitions that were clearly procedurally barred or without merit.  <u>Id</u>. at 1245-46.

The district court construed Alfred's petition as a section 2254 petition for habeas corpus and ultimately dismissed sua sponte Alfred's petition.[2]  The district court noted that, to the extent Alfred sought section 2254 habeas relief, his petition would be subject to dismissal as successively filed and because Alfred raised no challenge to the fact or duration of his confinement.  The district court also determined that Alfred's petition was subject to dismissal because Alfred's challenge to the Florida Supreme Court's decision in Baker was not a claim that could be raised properly in either a section 2254 or a 42 U.S.C. § 1983 proceeding.[3]

Alfred filed a Fed. R. Civ. P 59(e) motion to alter or amend the judgment, which the district court denied.  In pertinent part, the district court said that Alfred's petition was subject to dismissal because federal district courts lack authority to invalidate state court decisions concerning matters of state law.

We review for abuse of discretion a district court's dismissal of a claim for declaratory judgment.  Smith v. Casey, 741 F.3d 1236, 1244 (11th Cir. 2014).  We also review a denial of a Rule 59(e) motion to alter or amend a judgment under an

---

[2] To the extent the district court erred in construing Alfred's petition as one for habeas relief under section 2254, that error was harmless because Alfred's petition -- however construed -- was still subject to dismissal for the reasons explained in this opinion.

[3] Although the district court noted that Alfred had failed to pay the filing fee or move for leave to proceed in forma pauperis, that observation was no ground for the district court's dismissal.

4

abuse-of-discretion standard.  Case v. Eslinger, 555 F.3d 1317, 1325 (11th Cir. 2009).  We construe liberally pro se pleadings.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

The district court determined correctly that Alfred's petition was subject to dismissal.  Under the Rooker-Feldman doctrine,[4] federal district courts lack jurisdiction to review final judgments of state courts.  Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (explaining that the doctrine applies to federal claims previously raised and ruled on by a state court and to those claims "inextricably intertwined" with a state court's judgment).  Rooker-Feldman bars lower federal-court jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 1261 (citation omitted).

Before Alfred filed the petition at issue in this appeal, the Florida Supreme Court dismissed as unauthorized -- pursuant to Baker -- three habeas petitions filed by Alfred.  Although Alfred raises no direct challenge to these dismissals in this proceeding, those state court judgments are intertwined with the injury complained of in Alfred's petition: that the Florida Supreme Court unlawfully deprived him of

---

[4] D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).

his constitutionally-protected right to seek habeas relief.  In other words, by challenging the validity of the Florida Supreme Court's decision in <u>Baker</u>, Alfred sought -- in effect -- a declaration that the Florida Supreme Court's dismissals of his petitions for habeas corpus were unlawful.  Alfred's claim was, thus, barred by <u>Rooker-Feldman</u>.

Because the district court lacked jurisdiction over Alfred's claim, his petition was subject to dismissal.  Moreover, because amendment would have been futile, the district court committed no error in dismissing Alfred's petition without first giving him an opportunity to amend.  <u>See Hall v. United Ins. Co. of Am</u>., 367 F.3d 1255, 1262 (11th Cir. 2004).

AFFIRMED.

6