[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-15166
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-22919-UU

JERRY NEIL ALFRED,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 17, 2020)

Before WILSON, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jerry Alfred, a Florida prisoner proceeding pro se, appeals the district court's dismissal of his pro se 28 U.S.C. § 2254 petition for habeas corpus. The district court concluded that Alfred's petition was an unauthorized second or successive petition over which the district court lacked jurisdiction. No reversible error has been shown; we affirm the dismissal.

We review de novo whether a section 2254 habeas petition is second or successive. Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1325 (11th Cir. 2017) (en banc). We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Before a prisoner may file a second or successive habeas petition, he first must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Absent such an order, the district court lacks jurisdiction to consider a second or successive habeas petition. Lambrix v. Sec'y, Dep't of Corr., 872 F.3d 1170, 1180 (11th Cir. 2017).

In 2001, Alfred was convicted of second-degree murder and was sentenced to life imprisonment. Alfred's conviction and sentence were affirmed on direct

2

appeal.  See Alfred v. State, 820 So. 2d 1084 (Fla. 3d Dist. Ct. App. 2002); Alfred v. State, 935 So. 2d 72 (Fla. 3d Dist. Ct. App. 2006).

In 2007, Alfred filed his first 28 U.S.C. § 2254 petition, challenging his 2001 second-degree murder conviction.  The district court denied the petition on the merits.  This Court then denied Alfred a certificate of appealability.  Alfred later filed other section 2254 petitions, which were dismissed as successive.

In 2019, Alfred filed the section 2254 petition at issue in this appeal, challenging again his 2001 second-degree murder conviction.  Briefly stated, Alfred asserts that the state violated his due process rights by using purportedly false evidence and testimony against him at trial.

The district court made no error in determining that Alfred's 2019 section 2254 petition is second or successive.  The record shows -- and Alfred does not dispute -- that he already challenged his 2001 second-degree murder conviction in his earlier-filed 2007 habeas petition, which was dismissed with prejudice. Because Alfred failed to obtain authorization from this Court to file a second or successive petition, the district court lacked jurisdiction to consider Alfred's 2019 petition.  See Lambrix, 872 F.3d at 1180.

That Alfred purports to have first discovered the facts underlying his current due process claim after he filed his initial 2007 petition does nothing to change the

conclusion that Alfred's 2019 petition is second or successive.  As in this case, when the factual basis for a claim existed when the initial section 2254 petition was filed -- even if those facts were not previously discoverable -- the later-filed petition is considered successive, and authorization to file is required.  See Stewart v. United States, 646 F.3d 856, 863 (11th Cir. 2011); see also 28 U.S.C. § 2244(b)(2)(B) (listing newly discovered evidence as a ground for seeking authorization to file a second or successive section 2254 petition).

Alfred also argues -- based on the doctrine of equitable tolling -- that he need not obtain authorization to file his 2019 petition even if the petition is "technically" successive.  Briefly stated, Alfred contends that he was prevented from timely raising his due process claim in his 2007 petition because of his trial lawyer's alleged serious misconduct and, thus, he should be permitted to raise the claim now.  Alfred relies on Holland v. Florida, in which the Supreme Court concluded that the non-jurisdictional limitations period in section 2244(d) may be subject to equitable tolling in some cases based on attorney misconduct.  See 130 S. Ct. 2549, 2560-64 (2010).  Because Alfred's petition was not dismissed as untimely under section 2244(d), however, Holland is inapplicable.

Moreover, whether a petition is second or successive is determined based on the judgment challenged, not on the claims sought to be raised.  Insignares v.

4

Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1278-79 (11th Cir. 2014). Because Alfred's 2019 habeas petition challenges the same 2001 judgment of conviction already challenged in Alfred's 2007 habeas petition, his 2019 petition is successive. That Alfred must obtain this Court's authorization before the district court may consider his newly-raised claim in a second or successively filed petition is clear.

On appeal, Petitioner also contends that the district court erred by refusing to consider Petitioner's objections to the magistrate judge's report and recommendation. Petitioner's argument is refuted by the record. The district court determined expressly that -- even if Petitioner's objections were timely filed -- the objections failed to resolve the deficiency identified by the magistrate judge: that Petitioner's petition was an unauthorized second or successive section 2254 petition.

AFFIRMED.

5